IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BOBBY EARL KEYS, #0334-043                                                      PETITIONER

VERSUS                                                    CIVIL ACTION NO.  5:05cv215DCB-JCS

WARDEN CONSTANCE REESE                                                       RESPONDENT

OPINION AND ORDER

This cause comes before this court, sua sponte.  Having reviewed the docket entries, this court finds that on June 1, 2006, the envelope containing a copy of the order [13-1] granting the petitioner a 30-day extension of time was returned with a notation by the postal service "undeliverable."  The petitioner was warned in the notice of assignment mailed to him on December 6, 2005, and the orders of December 9, 2005, and December 27, 2005, that it was his responsibility to inform this court of a change of address and his failure to do so would result in the dismissal of the instant habeas petition.

An order [11-1] requiring the petitioner to file a written response was entered on April 6, 2006.  Even though the envelope containing that order was returned as "undeliverable," an order [13-1] was entered on May 15, 2005, granting the petitioner a 30-day extension of time.  As noted above, the envelope containing the order [13-1] granting the petitioner an extension of time was also returned.  The petitioner has not contacted this court since he filed his motion for injunctive relief [10-1] on January 27, 2006.  This court finds that it is apparent from the petitioner's failure to comply with an order of this court or to otherwise communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the respondents have never been called upon to respond to the petitioner's pleading, and have never appeared in this action, and since the court has never considered the merits of petitioner's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 12th day of July, 2006.

                                        S/DAVID BRAMLETTE
                                        UNITED STATES DISTRICT JUDGE